**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; DOES I-XX, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-00074-APG-NJK <br><br> **PLAINTIFF'S MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS [ECF # 12]** |

Plaintiff LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, through her attorney, ADAM J. BREEDEN, ESQ. hereby moves the Honorable Court to dismiss Defendant KERRY KUBLA's Counterclaims [ECF #12] for personal injury. This Motion is brought pursuant to the Federal Rules of Civil Procedure 12(b)(6) and is based on all of the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and the oral arguments of counsel at

the time of the hearing in this matter, if any.

DATED this 12th day of February, 2024.

BREEDEN & ASSOCIATES, PLLC

*[signature]*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In this civil rights/wrongful death action arising from a fatal police shooting of a 19 year old black man during a SWAT entry of a residence, Defendant Officer KERRY KUBLA has filed a counterclaim for personal injuries he sustained in the incident from the decedent. However, KUBLA's counterclaims were not filed within the two-year statute of limitations and the Nevada Supreme Court has already definitively ruled that, unlike the law in some other states, the filing of a civil complaint does <u>not</u> toll the statute of limitaitons for a Defendant to file counterclaims. *Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990) ("a plaintiff, by instituting an action before the expiration of a statute of limitation, does not toll the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired"). Therefore, the District Court must dismiss the counterclaims as they were untimely filed twenty six days after expiration of the statute of limitations.

### II.   BACKGROUND AND PROCEDURAL HISTORY

This civil rights wrongful death case arises out of a police SWAT entry of an apartment which occurred on January 10, 2022.[1] Per the Complaint, on that date at 5:00 a.m., police forcibly

---

[1] Complaint at ¶ 16.

2

entered an apartment to serve a purported search warrant on a third party they apparently believed lived at the property.[2] The suspect was, in fact, not at the apartment nor was any evidence of the crime the officers were investigating.[3] Instead, the SWAT team of at least twelve officers forcibly entered the apartment without completing the Constitutional knock-and-announce requirement.[4] They startled a sleeping, 19 year old black man, decedent ISAIAH WILLIAMS, who apparently mistakenly believed police were intruders.[5] Therefore, having only seconds to react, WILLIAMS opened fire after police battered down the apartment door, broke the apartment living room window and deployed a noise bang device which sounded like gunfire and would have led WILLIAMS to believe he was already under assault.[6] In the ensuing chaos, WILLIAMS was shot multiple times and killed.[7] His mother, LATIA ALEXANDER, filed suit individually and as Special Administrator of WILLIAMS' Estate. Her Complaint was filed on January 9, 2024, essentially one day before the two-year statute of limitations for the claims expired. She sued both LAS VEGAS METROPOLITAN POLICE DEPARTMENT and six of the individual officers involved in the forcible entry.

This present Motion to Dismiss concerns a counterclaim filed by Defendant Officer KERRY KUBLA against the ESTATE OF WILLIAMS. It was known to Plaintiff from public press releases by LAS VEGAS METROPOLITAN POLICE DEPARTMENT that Defendant KUBLA was shot at least three times in the chaos, presumably by WILLIAMS before he was fatally wounded. Although Plaintiff does not know the full extent of KUBLA's injuries, it is alleged in the Counterclaim that he was shot in both arms and the hip as well as the chest, although his body armor

---

[2] Complaint at ¶ 18-19. The word "purported" is used to describe the warrant because, more than two years after the shooting, Plaintiff still has never located the warrant the police claim they were serving at the time of the incident.

[3] Complaint at ¶ 38.

[4] Complaint at ¶ 25-32.

[5] Complaint at ¶ 36.

[6] Complaint at ¶ 36.

[7] Complaint at ¶ 36.

stopped that bullet from entering his chest.[8]  KUBLA filed a counterclaim for two state law causes of action, assault/battery and negligence, with his Answer filed on February 5, 2024.  This is **two years and twenty-six days** after the date of the incident.

It is uncontestable that KUBLA failed to file his counterclaims within the two-year statute of limitations for personal injury claims in Nevada. Therefore, ALEXANDER moves to dismiss these counterclaims against the ESTATE OF WILLIAMS.[9]

### III.   LAW AND ARGUMENT

It is well-accepted that a claim may be dismissed under FRCP 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). In this case, the statute of limitations governing the parties' claims and counterclaim are dictated by Nevada law, the state in which the incident occurred, which is two years.  NRS § 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (discussing Nevada statute of limitations). KUBLA's counterclaims are filed invoking the District Court's supplemental jurisdiction under 28 USC § 1367.[10]  The US Supreme Court and the Ninth Circuit has made clear that *Erie* principals regarding application of state law in federal court applies to such claims.  In fact, the Ninth Circuit has held that not only does the law of the forum state dictate the statute of limitations to be applied, but additionally the law of the forum state dictates the *tolling rules* to be applied to the statute of limitations as well. *See Felder v. Casey*, 487 U.S. 131, 151, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988) (federal court exercising supplemental jurisdiction over state law claims should apply substantive state law); *Guaranty Trust Co. v. York*, 326 U.S. 99, 109-10, 65 S. Ct. 1464, 89 L. Ed.

---

[8] Counterclaims of Kubla (Feb. 5, 2024) at Paragraph 17.

[9] Under Nevada law, Plaintiff Alexander is not personally liable for any debts of the Estate of Williams merely by nature of her being Special Administrator.  *See*, NRS § 140.040 (special administrator not personally liable for debts of the estate). The Counterclaims appear to make it clear that Alexander is only sued in her capacity as Special Administrator of the Estate, and not in her individual capacity for any negligence or act of her own. Alexander was not at the scene of the incident and did not have any personal involvement.

[10] Counterclaims of Kubla (Feb. 5, 2024) at Paragraph 2.

2079 (1945) (statute of limitations is substantive); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations."). Therefore, this Court must apply Nevada's two-year statute of limitations as well as Nevada's statute of limitations tolling principles (or lack of the same) to KUBLA's counterclaims.

This is where the Counterclaims encounter problems. Under Nevada law, personal injury actions are subject to the two-year statute of limitations under NRS § 11.190(4)(e). Under Nevada law, the limitation period begins when the relevant claim accrues, meaning "when a suit may be maintained thereon." *Clark v. Robison*, 113 Nev. 949, 944 P.2d 788, 789 (Nev. 1997) (per curiam). Generally, a suit may be maintained once "the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 113 Nev. 265, 934 P.2d 229, 233 (Nev. 1997) (per curiam). It would be difficult for KUBLA to argue that somehow he did not know he had been shot on January 10, 2022 or would not know he may have claims against the Estate of the person shooting him arising out the incident. *See* NRS § 41.100 ("Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator.") Therefore, KUBLA's two-year statute of limitations started accruing on January 10, 2022, the date of the incident. He plainly missed his two-year filing deadline by filing two years and twenty-six days after the incident.

Some states, notably California, have a state statute or rule which provides that once a plaintiff files claims, the complaint tolls the statute of limitations and allows the filing of counterclaims on which the statute of limitations would have otherwise expired provided that the complaint was filed within the statute of limitations for those counterclaims. *E.g., ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.*, 5 Cal. App. 5th 69, 92, 209 Cal. Rptr. 3d 442, 460 (2016) (providing a detailed explanation of California's tolling rule for counterclaims). In other words, in some states a defendant gets some reprieve from the statute of limitations to file counterclaims after being served with a complaint and can file them with their answer even if the counterclaims were passed the statute of limitations. KUBLA may have believed this was also the rule in Nevada when

he filed his counterclaims for state law assault/battery and negligence, both state law claims for which he invoked supplemental jurisdiction.

Unfortunately for KUBLA, the state of Nevada does <u>not</u> recognize this type of tolling. *See, Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990) ("a plaintiff, by instituting an action before the expiration of a statute of limitation, does not toll the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired."). In *Nev. State Bank v. Jamison*, debtors sued a bank for alleged defects in conducting a foreclosure sale of a casino property. They filed their claims, as did Plaintiff ALEXANDER in this matter, one day before the statute of limitations expired. When the bank answered, it asserted various counterclaims, including one for a deficiency judgment. These counterclaims, however, were filed 23 days <u>after</u> the deadline the bank otherwise would have had under the statute of limitation to file them had they not been counterclaims. The Nevada Supreme Court was then faced with the question of "whether a plaintiff, by instituting an action before the expiration of a statute of limitation, tolls the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired." *Id*. at 1381. In analyzing the legal issue, the Nevada Supreme Court found that while some states recognized such tolling, Nevada would not. *Id*. ("a plaintiff, by instituting an action before the expiration of a statute of limitation, does not toll the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired."). Therefore, the counterclaims had to be dismissed as untimely filed.

Indeed, at least one other decision from this District authored by Judge Gordon has recognized that under Nevada law, the filing of a complaint does <u>not</u> toll the time to bring a counterclaim. *Trang v. Bank of George*, No. 2:17-cv-00162-APG-EJY, 2022 U.S. Dist. LEXIS 224255 (D. Nev. Dec. 13, 2022) (unpublished). In that case, a homeowner sued a bank, which then attempted to file various counterclaims against the homeowner. In correctly analyzing and rejecting the Bank's arguments that the homeowner's complaint had tolled the time to file the bank's counterclaims, Judge Gordon plainly held that "the Supreme Court of Nevada has held that the commencement of an action does not toll the limitation period of a compulsory counterclaim" and the court was bound by that decision. *Id*. at *18 citing *Nev. State Bank v. Jamison Family P'ship*,

6

106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990). The untimely counterclaims were thus dismissed. Therefore, not only has the Nevada Supreme Court recognized that the filing of a complaint does not toll the statute of limitations for KUBLA's claims, but Judge Gordon has previously recognized this binding principal of Nevada state law for state law claims filed in the District of Nevada federal court. Therefore, KUBLA's claims are untimely and should be dismissed.

IV. **CONCLUSION**

The Court may be sympathetic to KUBLA given that he was a law enforcement officer shot several times in the line of duty. However, Plaintiff wishes to point out as an aside that it does not appear that KUBLA was even going to bring his claims until he was sued. Even had KUBLA's injury claims been timely filed, he would have faced an uphill battle given that he would have to have shown that WILLIAMS lacked a subjective, reasonable belief that he was under imminent threat of harm by an unknown intruder (i.e., lacked a valid affirmative defense of self-defense), which would have been difficult under the totality of the circumstances in this particular case. For example, police did not properly wait after knocking and announcing before they battered the door in, deployed noise flash devises which would impair WILLIAMS' vision and hearing thus his ability comprehend the situation, deployed the noise devises which would have led WILLIAMS to believe he was already being fired, and broke the window out of the apartment feet from where WILLIAMS was sleeping in total darkness at 5:00 a.m. with no reasonable time for WILLIAMS to assess the situation and recognize the officers. Perhaps that uphill battle is why KUBLA had apparently not retained his own injury attorney to file his claims within the two-year statute of limitations; rather his defense counsel filed them only after he was sued as counterclaims. Nevertheless, KUBLA's counterclaims simply never get to their merits. His Counterclaims were simply untimely filed and should be dismissed as filed two years and twenty-six days after the incident when Nevada law requires him to file within two years.

//

//

//

//

Respectfully, KUBLA's Counterclaims should be dismissed for failure to file within the statute of limitations.

DATED this 12th day of February, 2024.

BREEDEN & ASSOCIATES, PLLC

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2024, I served a copy of the foregoing legal document **PLAINTIFF'S MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
|   | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person: |
|   | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

/s/   Kirsten Brown
**BREEDEN & ASSOCIATES, PLLC**

8