**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
  Attorneys for Defendants LVMPD, Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg and James Bertuccini

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS, and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS,<br><br>                      Plaintiff,<br><br>     vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; and DOES I-XX, inclusive,<br><br>                      Defendants. | Case Number:<br>2:24-cv-00074-APG-NJK<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS [ECF #12]** |
| KERRY KUBLA,<br><br>                      Counterclaimant,<br><br>     vs.<br><br>LATIA ALEXANDER in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS,<br><br>                      Counterdefendant. | |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg and James Bertuccini

1 ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby
2 file their Opposition to Plaintiff's Motion to Dismiss Defendant Kerry Kubla's
3 Counterclaims [ECF # 12]. This Opposition is made and based upon the attached
4 Memorandum of Points and Authorities, the pleadings and papers on file herein and any oral
5 argument allowed by counsel at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Officer Kerry Kubla was a member of the LVMPD SWAT team who served a lawful search warrant on apartment 1125 located at 3050 South Nellis Boulevard in Las Vegas, Nevada (the "Nellis Apartment"). While executing the warrant and less than one second after entering the Nellis Apartment, Isaiah Williams ("Williams") shot Officer Kerry Kubla ("Kubla") at least four times. Two years later, on the day before the expiration of the statute of limitations, Williams' mother, Latia Alexander ("Alexander") was appointed Special "Administrator of Williams' Estate and she sued Kubla on behalf of Williams' Estate." Less than one month later, Kubla filed counterclaims in response to Alexander's lawsuit, which Alexander has moved to dismiss. This Court should deny that motion to dismiss because Kubla did not have an adequate mechanism to assert his claims until the day before the statute of limitations expired and because his counterclaims are no more stale than Alexander's Complaint even though they are based on the same transactions and occurrences.

### II. STATEMENT OF FACTS

At approximately 5:00 am on January 10, 2022, LVMPD's SWAT unit served a lawful search warrant on the Nellis Apartment. The SWAT unit was dressed in full tactical gear and was easily identifiable as law enforcement officers. The SWAT unit approached Apartment 1125 on foot at approximately 4:59 am. At 4:59:57, SWAT Seargent Russell Backman began verbally announcing the service of the search warrant via a bullhorn. At 5:00:03, Officer James Bertuccini inserted a stun stick distract through a window on the side of the house opposite the entryway door, and a flash bang device was also deployed. At

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-428 5383631_1

1  approximately 5:00:11, after ramming the door several times, Officer Hoskins successfully
2  breached the door. At 5:00:13 am, Officer Kubla and the entry team began to enter the
3  Nellis Apartment. At approximately 5:00:14, Williams, who had been asleep on the couch in
4  the room where the entryway door was located began firing his handgun at the entering
5  officers. Williams fired eighteen rounds at the SWAT unit officers, four of which hit Officer
6  Kubla and caused significant in injuries to his arms and legs. Williams fired seven shots
7  before any return fire by the SWAT unit occurred. As Williams gunshots persisted, several
8  members of the SWAT unit returned fire, killing Williams.

   LVMPD acquired the lawful search warrant of the Nellis Apartment in order to find
a small-caliber pistol which was believed to be the murder weapon in an ongoing
investigation. The search warrant acquired by LVMPD authorized seizure of firearms and
related paraphernalia, cell phones, any electronic surveillance equipment, clothing, and
limited personal property. Officers executing the search warrant believed the Nellis
Apartment to be the last known residence of the suspected murderers and further understood
that such suspects had criminal histories and reputation for violence, drug use, and gang
affiliation/membership.

   Since Williams died from his wounds, his mother Latia Alexander, ("Alexander")
filed suit as Special Administrator of Williams' Estate against LVMPD and the officers
involved, including Kubla. She petitioned to become the Special Administrator of Williams'
Estate on January 7, 2024 and was appointed the next day. Her Complaint was then filed on
January 9, 2024, one day before the statute of limitations period expired.

### III.     LEGAL STANDARD

The Supreme Court in *Ashcroft v. Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009). First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Id.* Legal conclusions are not entitled to this assumption of truth. *Id*. 556 U.S. at 665, 129 S.Ct. at 1940. Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for

MAC:14687-428 5383631_1

relief. *Id*. at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973 (2007); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.     LEGAL ARGUMENT

For purposes of a limitation statute, a counterclaim in a tort action is commenced on the date the plaintiff's pleading was filed. *Gardner v. Bliss Sequoia Insurance & Risk Advisors, Inc.*, 434 F.Supp.3d 862, 866 (D. Nev. 2020). The statute of limitations does not bar a counterclaim that is alleged at the beginning of the suit before the statutory period expires, even if the suit continues after that statutory period concludes. If a counterclaim is made after the statutory period has expired, then most jurisdictions will allow that counterclaim to survive so long as it is being used only defensively, as a shield and not a sword. *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34. However, jurisdictions are split as to whether commencement of a tort action tolls the statute of limitations with respect to relief or claims for damages arising out of the same incident.

### A.     STATUTE OF LIMITATIONS TOLLING RATIONALES

Some jurisdictions, including Nevada, find that commencement of a tort action does not toll the statute of limitations period for counterclaims. *Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964). The rationale is that where both parties are injured, they both have a statute of limitations period during which they can file their claims against the opposing party. *Murry v. Mansheim*, 779 N.W.2d 379, 383 (2010). These claims that each party is entitled to are not dependent upon the other party filing claims, thus one party asserting their rights against the other does not affect the other party's rights. *Id*. Since both parties have the statute of limitations period to file freely, the non-filing party is not provided additional time to file just because the other party asserted their rights.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-428 5383631_1

1     Other jurisdictions including California, Hawaii, Illinois, Kentucky, Massachusetts, Michigan, New York, Ohio, and Texas find that for counterclaims that arise out of the same tortious transactions and occurrences as those claims found in the complaint, the statute of limitations is tolled. These states follow the rationale that the purpose of extending the statute of limitations is not to grant one party an advantage over the other party by waiting until the last minute to file their case. *Liberty Mut. Ins. Co. v. Fales*, 505 P.2d 213, 216 (1973). The reason for this tolling of the statute of limitations is the belief that a counterclaim that arises out of the same incident as the complaint is not more stale than the claims made in the complaint and should be allowed in the lawsuit which concerns those same events. *Azada v. Carson*, 252 F.Supp. 988, 989 (1966). These states find that the statute of limitations should not afford one party an advantage over the other when all claims come from the same incident, especially because they find no prejudice is done to the filing plaintiff because they were aware of potential counterclaims when they filed the complaint. *Id*.

While it is true that the facts of this case occurred in Nevada by and against Nevada citizens, and that Nevada generally follows the statute of limitations rule that does not toll a statute of limitations period when a complaint is filed, application of that rule based on the facts of this case makes little sense. Dredge Corp., 80 Nev. at 102, 389 P.2d at 396. The facts of this case and those cited by Plaintiff, (one of which is not even published) are clearly distinguished. Nev. State Bank v. Jamison Family P'ship, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990); Trang v. Bank of George, No. 2:17-cv-00162-APG-EJY, 2022 U.S. Dist. LEXIS 224255 (D. Nev. Dec. 13, 2022) (unpublished). Here, Kubla could not have sued Williams for damages he suffered because Williams was dead. Murry, 779 N.W.2d at 383. Kubla had no living person against whom he could bring his claims. Additionally, there was no estate against whom he could file his claims or any administrator or manager over any potential assets because Alexander did not even petition to become the Special

MAC:14687-428 5383631_1

Administrator of Williams' Estate until two days before the limitations period expired, and she was appointed to that position the day before expiration. Therefore, Kubla could not possibly have initiated an effective lawsuit before the statute of limitations expired because the estate was not established and the Special Administrator not appointed until January 9, 2024, which gave him a single day to bring his valid claims. It took Kubla only twenty-six days to file his claims after the Estate was established and Special Administrator was appointed. Therefore, Alexander's motion to dismiss Kubla's counterclaims should be denied.

Furthermore, it is the logic of jurisdictions such as California, Hawaii, and Texas which more closely align with the facts of this case. *Liberty Mut. Ins. Co.*, 505 P.2d at 216. Here, not only did all the events giving rise to Alexander's claims and Kubla's counterclaims occur at the same time, but the complaint and counterclaims, where those claims are acknowledged and legitimized, were only filed twenty-six days apart. *Id.*; *Azada v. Carson*, 252 F.Supp. 988, 989 (1966). Anyone can see that the counterclaims are no more stale than those claims stated in the Complaint. *Azada*, 252 F.Supp. at 989. Enforcing a strict statute of limitations period in this case gives a clear and unfair advantage to Alexander because Kubla's counterclaims will be barred despite being filed less than a month after Alexander, and because Williams was deceased and Kubla had no party he could actually sue for the harm he suffered until January 8, 2024. *Id*.

Although the facts stated in the Complaint are assumed to be truthful, the legal conclusion that Kubla's counterclaims should be dismissed because they were filed after the expiration of the statute of limitations is not to be automatically accepted as true. *Iqbal,* 556 U.S. at 665, 129 S.Ct. at 1940. Kubla's counterclaims are plausible because there is no dispute that he was shot multiple times causing great and lasting harm to his person – assault/battery. *Iqbal,* at 678-79.  And it was clearly negligent, if not extremely reckless for Williams to shoot

at obviously uniformed and announcing officers reasonably executing a valid search warrant. *Id*. If not for the statute of limitations question, there is little argument that Kubla's claims are valid and would be awarded damages. Therefore, this court should not dismiss Kubla's counterclaims.

## V. **CONCLUSION**

Alexander's motion to dismiss Kubla's counterclaims should be denied. Kubla was severely injured by Williams' and there is no question that Williams' actions constitute assault, battery, and negligence, as Kubla counterclaims. Furthermore, Nevada's tolling of statute of limitations case law is designed to punish parties who sleep on their rights. However, Kubla did no such thing. Rather, because Williams was dead, Kubla had no party against whom he could bring his claims. It was not until the two days before the statute of limitations expired that William's Estate was established and Alexander was appointed to be its Special Administrator and filed the Complaint. Since Kubla filed his counterclaims just twenty-six days later, he clearly did not sleep on his rights. Therefore, his counterclaims should not be dismissed.

Dated this 20th day of February, 2024.

MARQUIS AURBACH

By   */s/ Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada  89145
Attorneys for Defendants LVMPD, Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg and James Bertuccini Defendants LVMPD, Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg and James Bertuccini

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS [ECF #12]** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 20th day of February, 2024.

☒  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

BREEDEN & ASSOCIATES, PLLC
Adam J. Breeden, Esq.
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117
Adam@Breedenandassociates.com

☐  I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:  N/A

*/s/ Jessica Madsen*
an employee of Marquis Aurbach

MAC:14687-428 5383631_1