**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; DOES I-XX, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-00074-APG-NJK<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS [ECF # 14]** |

Plaintiff and Counterdefendant LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, through her attorney, ADAM J. BREEDEN, ESQ. hereby submits this Reply in support of her Motion to Dismiss Defendant KUBLA's Counterclaims [ECF No. 14].

/ /

/ /

I.     **REPLY POINTS AND AUTHORITIES**

The legal issue presented in this Motion to Dismiss has been plainly and definitively resolved by the Nevada Supreme Court in *Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990) ("a plaintiff, by instituting an action before the expiration of a statute of limitation, does not toll the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired"). Nevertheless, Counterclaimant KUBLA figuratively pleads mercy from the Court requesting that the Court disregard that case and somehow rule that his Counterclaims, which were without question filed 26 days past the statute of limitations, may continue. The Court should decline KUBLA's invitation to ignore the clear precedent of the Nevada Supreme Court (binding on this District Court because it is exercising supplemental jurisdiction over state law claims) and instead dismiss the Counterclaims.

KUBLA's Response [ECF No. 15], essentially presents two arguments, neither of which is persuasive. The first argument is that although the Nevada Supreme Court resolved this legal issue in the *Nev. State Bank* case, the result is inequitable and many states such as California, Hawaii and Texas have adopted a different approach. This legal argument offers nothing of substance and is more of a general grievance about the rules than a legal argument. On any legal issue, a claimant might point to law hypothetically different in another state that would render a different result. This is not a basis to ignore the Nevada Supreme Court's decision on this legal statute of limitations issue. *E.g.*, *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations."). However, it is not as if the Nevada Supreme Court did not understand that its decision might work harshly or produce results that seem "unfair" or nonsensical to the losing party. In *Nev. State Bank* the Nevada Supreme Court expressly cited caselaw from Hawaii, Oregon and Kentucky which allowed tolling for counterclaims in those states on the rationale that once a complaint is filed the goal of preservation of evidence does not warrant dismissal of the counterclaims. Regardless, the Nevada Supreme Court *rejected* that line of cases and instead found that the goal of the statute of limitations in promoting finality and a firm deadline to file claims ("repose by giving security and stability to human affairs") was the greater public policy. Therefore, to be clear, the Nevada

2

Supreme Court expressly considered KUBLA's arguments and *rejected* them, instead adopting ALEXANDER's position that the Counterclaims are untimely.

KUBLA's second argument is a little more interesting but no more persuasive. He argues that because there was no living person to sue prior to an Estate being opened in probate court, he could not have filed his claims earlier and therefore he must be given relief from the statute of limitations. There are a number of problems with this argument. The first is that the Nevada Supreme Court has never adopted such a position, i.e. that an injured person's statute of limitations to sue a deceased person does not begin to run until an Estate is opened. If that were the rule, claims could be filed very long periods of time after injury. The second is that Nevada law plainly states that a cause of action survives the death of a defendant and this statute does not expressly provide any tolling until an estate for the person is established. NRS § 41.100 ("Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator."). If Nevada desired such a tolling rule, it surely could have written it directly into the savings statute, but it did not. Third, Nevada law allows a creditor to appoint a Special Administrator to serve as the administrator of a person's estate when needed for purposes such as filing or defending a lawsuit. *See generally*, NRS Chapter 140. A Special Administrator has the express power under Nevada law to "maintain ***or defend*** actions and other legal proceedings as a personal representative." Creditors, such as a tort claimant like KUBLA, are expressly given power and nomination priority under Nevada law to open estates and appoint an administrator for the purpose of satisfying the legal requirement that the case be filed against an administrator of said estate. NRS § 139.040(h) (providing authority to appoint or nominate an administrator to "[c]reditors who have become such during the lifetime of the decedent.") At any time in the past two years, KUBLA could have petitioned the probate court to appoint a Special Administrator of his choosing to serve as the head of the estate for litigation purposes. There are private, neutral individuals that do this for a living, but Nevada also has an entire Chapter of its Revised Statutes, NRS Chapter 253, dedicated to creating the office of Public Administrator for each county. KUBLA easily could have requested the probate court appoint the Public Administrator as Special Administrator of WILLIAMS' Estate if he had any desire to timely file his

1 claims. NRS § 253.080 ("Public administrators and persons employed or contracted with pursuant to NRS § 253.125 shall institute, maintain and prosecute all necessary actions at law and in equity for the recovery and for the protection of the property, debts, papers or other estate of any deceased person upon whose estate they may be administering."). In fact, public administrators are specifically included in the order of priority for administration of estates after other relatives. NRS § 139.040(g). If this sounds to the Court like an esoteric procedure which is rarely used, ALEXANDER'S counsel can attest that he has actually had to take steps and file probate petitions to open an estate and appoint a Special Administrator in order for a client to sue that estate *twice* in the last five years. This is not an unheard-of procedure. This was neither onerous nor impossible for KUBLA to complete. Any injured individual who seeks to preserve his/her legal rights to sue a deceased person can do this. In this case, KUBLA has not even argued that he sued a DOE or unknown administrator in another action within the statute of limitations. Instead, he concedes that he simply took no steps to open an estate against which to bring his claims. Nor did he file a lawsuit and seek to amend to formally name a Special Administrator later. Instead, to his peril, he simply did nothing.

Lastly, ALEXANDER notes in passing that KUBLA cites a case from this District, *Gardner v. Bliss Sequoia Ins. & Risk Advisors*, 434 F. Supp. 3d 862 (D. Nev. 2020), for the proposition that "for purposes of a limitation statute, a counterclaim in a tort action is commended on the date the plaintiff's pleading was filed." (ECF No. 15 at pg. 4 pn. 708). This reading of *Gardner*, however, is incorrect. *Gardner* was citing to a Nevada Supreme Court which held that, for purposes of Nevada's state rule that actions must be brought to trial within five years, counterclaims must be tried within five years as well. That case is inapposite.

/ /

/ /

/ /

/ /

/ /

4

## II. CONCLUSION

Sympathies aside, KUBLA's counterclaims simply were not timely filed under Nevada law. Therefore, the law is mechanically applied, and the counterclaims must be dismissed.

DATED this 22nd day of February, 2024.

BREEDEN & ASSOCIATES, PLLC

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2024, I served a copy of the foregoing legal document **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT KERRY KUBLA'S COUNTERCLAIMS** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person: |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/   Kirsten Brown*
**BREEDEN & ASSOCIATES, PLLC**

5