**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; DOES I-XX, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-00074-APG-NJK <br><br> **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> SPECIAL SCHEDULING REVIEW REQUESTED |

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on March 8, 2024. The parties now submit their proposed discovery plan and scheduling order with deadlines longer than set forth in LR 26-1(b) and a special scheduling review requested.

1. <u>Discovery Cut-Off Date</u>. The Defendants answered or otherwise appeared on February 5, 2024. The discovery cut-off date is **February 5, 2025**.

2. <u>Amending the Pleadings and Adding Parties</u>. The deadline to amend the pleadings and add parties is **October 4, 2024**.

3. <u>Expert and Rebuttal-Expert Disclosures</u>. The deadline to disclose experts is **November 5, 2024**. The deadline to disclose rebuttal experts is **December 5, 2024**.

4. <u>Dispositive Motions</u>. The deadline to file dispositive motions is **March 5, 2025.**

5. <u>Pretrial Order</u>. The deadline to file a pretrial order is **April 7, 2025.**

6. <u>Fed. R. Civ. P. 26(a)(3)</u>. The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

7. <u>Alternative Dispute Resolution</u>. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties agreed that discovery and expert practice would likely need to occur before any meaningful settlement negotiations could occur in this case.

8. <u>Alternative Forms of Case Disposition</u>. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). They do not desire either at this time.

9. <u>Electronic Evidence</u>. The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties see no unusual issues related to electronic evidence at this time, with the exception that over 100 hours of body worn camera video has been electronically produced.

10. <u>Special Scheduling Review</u>. Counsel for the parties conferred with each other at the Rule 26(f) conference and agreed that this was the rare case where one year would be needed for discovery and have submitted this Plan based on that proposed deadline. Both counsel agree on this and wish to express to the Court the following factors that justify this extended period of discovery: This is a civil rights action which arises out of a fatal, officer-involved shooting which occurred on January 10, 2022. The deceased was a 19 year old black man who was shot and killed as a police SWAT team forcibly entered an apartment to serve a search warrant. As an officer-involved fatal shooting, there were detailed post-incident investigations by Defendant Las Vegas Metro Police Department. Dozens of police officers—many of which will likely be deposed—were involved. Well over 100 hours of body worn camera footage and recorded statements have been disclosed. Each side has produced several thousand pages of documents in their initial disclosures. Each side

acknowledges that written discovery will be robust and that more than 10 depositions by Plaintiff may be needed. Each side anticipates the retention of multiple experts in various fields to testify at trial. Plaintiff intends to see an eight-figure award at trial. While counsel for both parties are seasoned litigation professionals, both agreed that it was extremely unlikely either side could prepare their case without thorough discovery and extended deadlines. Therefore, this extended discovery plan is submitted for one year of discovery and counsel sincerely hope the Court can understand why the extended time for discovery is needed to prepare this particular case.

**IT IS SO STIPULATED AND AGREED.**

Dated this 11th day of March, 2024.    Dated this 11th day of March, 2024.

**BREEDEN & ASSOCIATES, PLLC**    **MARQUIS AURBACH**

/s/ Adam J. Breeden    /s/ Craig Anderson

_____    _____
**ADAM J. BREEDEN, ESQ.**    **CRAIG R. ANDERSON, ESQ.**
Nevada Bar No. 008768    Nevada Bar No. 6882
7432 W. Sahara Ave., Suite 101    10001 Park Run Drive
Las Vegas, Nevada 89117    Las Vegas, NV 89145
Phone: (702) 819-7770    Phone: (702) 382-0711
Fax: (702) 819-7771    Fax: (702) 382-5816
Adam@Breedenandassociates.com    canderson@maclaw.com
*Attorneys for Plaintiff*    *Attorney for Defendants*

**IT IS SO ORDERED**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____

3