UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, as heir to ISAIAH T. WILLIAMS, and in her capacity as Special Administrator of the ESTATE OF ISAIAH T. WILLIAMS,<br><br>Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity,<br><br>Defendants | Case No.: 2:24-cv-0074-APG-NJK<br><br>**Order Granting Motion to Dismiss Counterclaims of Kerry Kubla**<br><br>[ECF No. 14] |

On January 10, 2022, Isaiah Williams was fatally shot during an operation conducted by the Las Vegas Metropolitan Police Department's (Metro) SWAT team. Metro officer Kerry Kubla was shot multiple times during the exchange of gunfire among Williams and the SWAT officers. Williams's mother, plaintiff Latia Alexander, was later appointed Special Administrator of Williams's estate, and she filed this lawsuit on January 9, 2024. ECF No. 1 at 2. On February 5, 2024, Kubla filed counterclaims against Alexander (in her capacity as Special Administrator for Williams's estate) for assault, battery, and negligence. ECF No. 12 at 8-11. Alexander moves to dismiss the counterclaims as untimely. ECF No. 14.

Kubla's counterclaims are governed by Nevada's two-year limitation period. Nev. Rev. Stat. § 11.190(4)(e). The limitation period began to run on the day of the shooting, when Kubla knew he had a claim to assert against Williams. *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997)

("A cause of action 'accrues' when a suit may be maintained thereon."). Because the limitation period expired on January 10, 2024 and Kubla filed his counterclaims 26 days later, the counterclaims are untimely and must be dismissed.

Kubla argues that the limitation period should be tolled once Alexander filed this lawsuit. While many jurisdictions have found that the filing of a complaint tolls the limitation period for compulsory counterclaims, the Supreme Court of Nevada has rejected that holding. *Nev. State Bank v. Jamison Family P'ship*, 801 P.2d 1377, 1382 (Nev. 1990) ("[A] plaintiff, by instituting an action before the expiration of a statute of limitation, does not toll the running of that statute against compulsory counterclaims filed by the defendant after the statute has expired."); *Trang v. Bank of George*, No. 2:17-cv-00162-APG-EJY, 2022 WL 17668084, at *6 (D. Nev. Dec. 13, 2022) (adopting the holding in *Nev. State Bank v. Jamison*).

Kubla also argues that the limitation period should be tolled because he could not have filed a lawsuit until Alexander was appointed Special Administrator of Williams' estate, because no suable person or entity existed prior to that. ECF No. 15 at 5-6. But Kubla, as a tort claimant and creditor against the estate, could have initiated proceedings to appoint an administrator of Williams's estate and proceed with his claims against the estate. *See*, *e.g.*, Nev. Rev. Stat. § 139.040(1)(h) ("Administration of the intestate estate of a decedent must be granted to creditors who have become such during the lifetime of the decedent.") (simplified). And while Kubla may have correctly presumed Williams's estate would have no assets to recover against until this lawsuit was filed, the statute of limitations is not tolled by a defendant's lack of funds to pay a judgment.

/ / / /

/ / / /

2

I THEREFORE ORDER that Alexander's motion to dismiss Kubla's counterclaims (ECF No. 14) is granted.

DATED this 3rd day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3