UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No.: 2:24-cv-00074-APG-NJK<br><br>**Order**<br><br>[Docket No. 33] |

Pending before the Court is the parties' stipulation to continue discovery deadlines by 90 days. Docket No. 33.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 33 at 2.

Further, the stipulation fails to show that any relief from the case management deadlines is warranted. The stipulation seeks relief based on counsel's schedules, experts' schedules, and the holidays, which have made scheduling depositions difficult. Docket No. 33 at 3. The fact that an

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

1

attorney has overloaded his work obligations such that he cannot comply with established deadlines is not only an insufficient basis to modify case management deadlines, it is cause for alarm. *See Nationstar Mortg. LLC v. Thunder Props.*, No. 2:17-cv-00713-JAD-NJK, 2019 WL 12520088, at *1 (D. Nev. July 8, 2019); *see also Greene v. Alhambra Hosp. Med. Ctr.*, No. 2:15-cv-00451-JAD-NJK, 2015 U.S. Dist. Lexis 72697, at *4 (D. Nev. June 3, 2015) (concluding that a busy litigation schedule was not grounds for relief from deadlines and noting that "an attorney who tries to explain a tardy filing by pointing to such overcommitment would likely face a malpractice suit"). Attorneys have a duty to the Court and to their clients to ensure that they accept a caseload that enables them to meet litigation deadlines. *See, e.g., Carisbrook Asset Holding Tr. v. SFR Invs. Pool 1*, LLC, No. 3:17-cv-00370-MMD-WGC, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). Absent unusual circumstances in which unexpected work obligations arise, it is not good cause for an extension of the case management deadlines in the scheduling order that attorneys were inattentive to the subject case while they were busy tending to other matters. S*ee, e.g., Branch Banking & Trust Co. v. D.M.S.I., LLC*, No. 2:11-cv-01778-APG-VCF, 2013 WL 3197663, at *1 n.1 (D. Nev. June 21, 2013) (finding excuse that parties and their counsel "were very busy ... does not constitute 'good cause' pursuant to Fed. R. Civ. P. 16"), *aff'd*, 871 F.3d 751, 765 (9th Cir. 2017).

Further, the parties offer no explanation as to why these depositions have not yet been taken or cannot be taken within the current discovery timeline.[2] *See* Docket No. 19.

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 19, 2024

                                                          _____
                                                          Nancy J. Koppe
                                                          United States Magistrate Judge

---

[2] The parties submit that Defendants' counsel is starting a two-week trial on December 2, 2024, that Plaintiff's counsel is expected to start trial in early January and that Defendants' expert is unavailable to complete a rebuttal report or give testimony until mid-January. Docket No. 33 at 3. The discovery cutoff is February 5, 2024.