**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com

**CORRINE P. MURPHY, ESQ.**
Nevada Bar No. 10410
**MURPHY'S LAW, PC**
2620 Regatta Dr., Suite 102
Las Vegas, NV 89128
Phone: (702) 820-5763
Fax: (702) 665-7345
cmurphyslawattorney@gmail.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; MELANIE O'DANIEL, in her individual capacity; DOES I-XX, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-00074-APG-NJK <br><br> **PLAINTIFF'S MOTION TO FILE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER BETWEEN THE PARTIES AND RELATED EXHIBITS UNDER SEAL** |

Plaintiff, LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS, by and through her

counsels of record Adam J. Breeden, Esq., of BREEDEN & ASSOCIATES, PLLC, and Corrine P. Murphy, Esq., of MURPHY'S LAW PC, hereby submits her *Plaintiff's Motion to File Motion to Modify Stipulated Protective Order Between the Parties and Related Exhibits Under Seal* to seek leave of this Court for Plaintiff to file a motion regarding a document Defendants designated as confidential pursuant to the Stipulated Protective Order (ECF No. 21), the Critical Incident Review Team report ("CIRT Report"). Due to the existing protective order, these filings are submitted under seal pursuant to Local Rule IA 10-5.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Latia Alexander respectfully concurrently moves this Court to modify the Stipulated Protective Order entered on March 12, 2024 (ECF No. 21) ("Protective Order"). Plaintiff designates the CIRT Report as Exhibit "1" to her Motion, as well as the Tactical Review Board ("TRB") memo, designated as Exhibit "5." While Plaintiff seeks to remove the CIRT Report from the Stipulated Protective Order (ECF No. 21), Plaintiff provides the documents as they were produced by Defendants herein – unredacted – but sealed from the public for the Court's review. Although Plaintiff contends the CIRT Report largely ought to be publicly available, there is unequivocally some limited information in the CIRT Report which ought to be redacted before being publicly available, such as personal identifiers and information regarding the investigation into the underlying crime which had limited bearing on the fatal SWAT shooting involved in this case.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the fatal shooting of Isaiah T. Williams by Las Vegas Metropolitan Police Department (LVMPD) officers during a SWAT operation on January 10, 2022. Plaintiff alleges that LVMPD's actions violated Mr. Williams' constitutional rights.

During discovery, Plaintiff requested internal investigative reports, including the CIRT Report. Defendants designated the CIRT Report and other critical materials as "Confidential" under the Protective Order (ECF No. 21). Plaintiffs were required to agree to a protective order before they were allowed to even see the CIRT Report.

The Protective Order (ECF No. 21) broadly defines "Confidential" to include various

categories of sensitive information, but its scope fails to distinguish between legitimate privacy interests and matters of significant public concern. Plaintiff now seeks a modification to limit the confidentiality designation to specific privacy-related information while permitting public access to documents that inform the public about government accountability (and there is much accountability of LVMPD and its officers to be had in this case).

This Court modified the parties' stipulated Protective Order as follows:

> **X.   FILING PROTECTED MATERIAL**
> See order issued concurrently herewith.

(ECF NO. 21) at p. 9:25-26.

This Court thereafter issued an Order, dated March 12, 2024 (ECF No. 22), ordering as follows:

> **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-5, the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal. <u>To the extent any aspect of the stipulated protective order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby superseded with this order.</u>

at p. 2:12.14.

### III.   LAW AND ARGUMENT

#### A. Legal Standard

The Local Rule for filing under seal states the following in pertinent part:

**LR IA 10-5. SEALED DOCUMENTS**

(a) Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

3

**B. Plaintiff Properly Moves to File Under Seal**

Pursuant to the Protective Order (ECF No. 21) and this Court's subsequent Order (ECF No. 22), and Local Rule IA 10-5, Plaintiff files this motion and seeks leave of this Court to file *Plaintiff's Motion to Modify Stipulated Protective Order Between the Parties* together with related exhibits, under seal.

**C. Redactions are Appropriate and Warrant Filing Under Seal Currently**

There is personal, private information which ought to be redacted and aside from Defendants' designation of the CIRT Report as confidential under the Protective Order, warrants Plaintiff currently filing under seal. That information includes, in part:

1. Personal identifying information of LVMPD officers and witnesses, including addresses, dates of birth, and contact information;

2. Details of ongoing investigations unrelated to the incident at issue;

3. Sensitive medical or disciplinary records unrelated to the claims and defenses in this case; and

4. Weapons information and serial numbers.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her *Plaintiff's Motion to File Motion to Modify Stipulated Protective Order Between the Parties and Related Exhibits Under Seal*.

Dated February 4, 2025.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Adam J. Breeden*
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 8768
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117-2782
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2025, I served a copy of the foregoing legal document ***Plaintiff's Motion to File Motion to Modify Stipulated Protective Order Between the Parties and Related Exhibits Under Seal*** via the method indicated below:

| | |
|---|---|
| **X** | Through the Court's ECF/CM system on all registered users |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person: |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/ Kirsten Brown*
**BREEDEN & ASSOCIATES, PLLC**