1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7  LATIA ALEXANDER, *et al*.,

8          Plaintiffs,

9  v.

10 LAS VEGAS METROPOLITAN POLICE
   DEPARTMENT, *et al*.,

11

12         Defendants.

Case No. 2:24-cv-00074-APG-NJK

**Order**

[Docket No. 37]

13         Pending before the Court is Plaintiffs' motion to seal.  Docket No. 37.  Defendants did

14 not file a response.  *See* Docket.

15         There is a strong presumption of public access to judicial records.  *Kamakana v. City &*

16 *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Parties seeking to keep secret from

17 the public documents filed in relation to non-dispositive motions must make a "particularized

18 showing" of "good cause."  *Id*. at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

19 F.3d 1122, 1135 (9th Cir. 2003)).  "Such a burden is met by the presentation of evidence, such as

20 a declaration from someone with personal knowledge, rather than by the argument of counsel in

21 motion practice."  *Henderson v. Aria Resort & Casino Holdings*, LLC, 2023 WL 4288830, at *1

22 (D. Nev. June 29, 2023) (collecting cases).  The Ninth Circuit has made clear that secrecy of

23 judicial filings may be appropriate when the records could become a vehicle for improper

24 purposes, such as the use of the records to gratify private spite, promote public scandal, circulate

25 libelous statements, or release trade secrets.  *Kamakana*, 447 F.3d at 1179.  On the other hand,

26 "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination,

27 or exposure to further litigation will not, without more, compel the court to seal its records."  *Id*.

28 A party seeking to file documents under seal bears the burden of overcoming that presumption.

1 *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  The fact that a sealing request
2 may be unopposed does not automatically result in it being granted because the Court is tasked
3 with protecting the public's interest in transparency.  *Allegiant Travel Co. v. Kinzer*, 2022 WL
4 2819734, at *1 n.1 (D. Nev. July 19, 2022).  Similarly, the mere fact that a document may be
5 designated as confidential pursuant to a stipulated protective order does not justify secrecy for a
6 document filed with the Court.  *See Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v.*
7 *Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

8       Plaintiffs submit that "[t]here is personal, private information which ought to be redacted
9 and aside from Defendants' designation of the CIRT Report as confidential under the Protective
10 Order, warrants Plaintiff currently filing under seal."  *Id.* at 4.  Plaintiffs do not address any
11 exhibit individually or explain why the motion itself should be sealed.  Further, some of the
12 exhibits, such as the Fatal Investigation Team report, the Office of Internal Investigation
13 Oversight report, and the Las Vegas Metropolitan Police Department's press release have
14 already been released publicly.  *See* Docket Nos. 38-2,3,4.  As a practical matter, the Court may
15 lack the power to make secret information that is already public.  *See, e.g.*, *Victory Sports &*
16 *Entertainment, LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting
17 cases).

18       Further, Defendants provide no response, but Plaintiff is attempting to file Defendants'
19 expert's initial report, Docket No. 38-6, and Defendant Las Vegas Metropolitan Police
20 Department's interoffice memorandum, Docket No. 38-5.  This Court has specifically ordered
21 that, if the sole ground for a motion to seal is that the opposing party has designated a document
22 as confidential, the designator must file, within seven days of the filing of the motion to seal,
23 "either (1) a declaration establishing sufficient justification for sealing each document at issue or
24 (2) a notice of withdrawal of the designation(s) and consent to unsealing.  If neither filing is
25 made, the Court may order the document(s) unsealed without further notice."  Docket No. 22 at
26 2. Defendants have failed to comply with the Court's order.

27       As such, Defendants are **ORDERED** to file a response by March 24, 2025, that addresses
28 all relevant standards for sealing and/or redaction.  Further, no later than March 24, 2025,

Plaintiffs are **ORDERED** to file a supplement addressing all relevant standards as to why their motion is properly filed under seal.  If Defendants fail to file a response fully addressing the applicable standards, the Court may order the subject materials unsealed.

IT IS SO ORDERED.

Dated: March 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge