UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00074-APG-NJK<br><br>**Order**<br><br>[Docket No. 37] |

    Pending before the Court is Plaintiffs' motion to seal motion to modify stipulated protective order and exhibits filed in conjunction with the motion. Docket No. 37. Plaintiffs filed supplemental briefing. Docket No. 43. Defendants filed a response. Docket No. 44. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

    There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to keep secret from the public documents filed in relation to non-dispositive motions must make a "particularized showing" of "good cause." *Id*. at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice." *Henderson v. Aria Resort & Casino Holdings*, LLC, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination,

or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Plaintiffs seek to file their motion to modify stipulated protective order and exhibits under seal. Docket No. 37. However, some of the exhibits, such as the Fatal Investigation Team report ("Exhibit 2"), the Office of Internal Investigation Oversight report ("Exhibit 3"), and the Las Vegas Metropolitan Police Department's press release ("Exhibit 4") have already been released publicly. *See* Docket Nos. 38-2, 38-3, 38-4. As a practical matter, the Court may lack the power to make secret information that is already public. *See, e.g., Victory Sports & Entertainment, LLC v. Pedraza*, 2019 WL 2578767. Further, the Court has previously ordered that the CIRT report ("Exhibit 1") will remain confidential. Docket No. 44 at 9.

Defendants submit that Defendant Las Vegas Metropolitan Police Department's ("LVMPD") interoffice memorandum ("Exhibit 5"), Docket No. 38-5, is part of the CIRT process and "evaluates the tactics and implementation of policy and training during critical incidents." Docket No. 44 at 5. The Court has ordered similar information to be kept

confidential in this case, *see* Docket No. 45, and is persuaded for the same reasons that good cause exists to seal Exhibit 5, and the portions of Plaintiffs' motion that discusses that exhibit.

Further, Plaintiffs submit that Defendants' expert's initial report ("Exhibit 6"), Docket No. 38-6, addresses the underlying murder investigation and cites the CIRT report, and thus, Defendants "may want to redact information about the underlying murder investigation." Docket No. 43 at 4. Defendants do not address the sealing or redaction of their expert's initial report. *See* Docket No. 44. Accordingly, the Court does not find good cause to keep this exhibit under seal. However, the Court does find that good cause exists to seal portions of the report that reference Exhibit 1 and Exhibit 5.

Lastly, Plaintiffs fail to address why the motion itself should be sealed. *See* Docket Nos. 37, 43. Defendants submit that good cause does not exist to seal the entirety of Plaintiffs' motion. Docket No. 44 at 4. However, Defendants request that Plaintiffs' citations to Exhibit 1 and Exhibit 5 within Plaintiffs' motion be redacted. Docket No. 44 at 8. The Court does not find good cause to seal the entirety of Plaintiffs' motion but, as outlined above, agrees with Defendants that the specific redactions are warranted.

Accordingly, the motion to seal is **GRANTED** in part and **DENIED** in part. Docket No. 37. The Clerk's Office is **INSTRUCTED** to keep the documents at Docket Nos. 38, 38-1, 38-5, 38-6 under seal. The Clerk's Office is **FURTHER INSTRUCTED** to unseal the documents at Docket Nos. 38-2, 38-3, 38-4. Plaintiffs are hereby **ORDERED** to file on the public docket, no later than April 11, 2025, a redacted version of their motion. Defendants are hereby **ORDERED** to file on the public docket, no later than April 11, 2025, a redacted version of their expert report.

IT IS SO ORDERED.

Dated: April 7, 2025

Nancy J. Koppe
United States Magistrate Judge