**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
Attorney for Defendants LVMPD, Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg, James Bertuccini and Melanie O'Daniel

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATIA ALEXANDER, individually as heir of ISAIAH T. WILLIAMS, and in her capacity as Special Administrator of the Estate of ISAIAH T. WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KERRY KUBLA, in his individual capacity; BRICE CLEMENTS, in his individual capacity; ALEX GONZALES, in his individual capacity; RUSSELL BACKMAN, in his individual capacity; JAMES ROTHENBURG, in his individual capacity; JAMES BERTUCCINI, in his individual capacity; MELANIE O'DANIEL, in her individual capacity and DOES I-XX, inclusive,<br><br>Defendants. | Case Number:<br>2:24-cv-00074-APG-NJK<br><br>**LVMPD DEFENDANTS' MOTION TO EXCEED THE PAGE LIMIT ON THEIR MOTION FOR SUMMARY JUDGMENT** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg, James Bertuccini and Melanie O'Daniel ("LVMPD Defendants"), by and through their counsel, Marquis Aurbach, hereby file their Motion to Exceed the Page Limit on their Motion for Summary Judgment. This Motion is made and based upon the attached Memorandum of Points & Authorities, the pleadings and papers on file herein, the Declaration of Craig R. Anderson, Esq. and any oral argument allowed by counsel at the time of hearing.

MAC: 14687-428 (#5839809.2) 5/1/2025 11:00 AM

### DECLARATION OF CRAIG R. ANDERSON, ESQ. IN SUPPORT OF MOTION TO EXCEED THE PAGE LIMIT ON THEIR MOTION FOR SUMMARY JUDGMENT

Craig R. Anderson, Esq., declares as follows:

1. I am over the age of 18 and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am the attorney of record for the LVMPD Defendants and make this Declaration pursuant to LR 7-3.

3. I understand the Court looks with disfavor upon motions to exceed page limits and such motions are only granted upon a showing of good cause.

4. This is a complicated wrongful death case involving a SWAT entry during service of a search warrant.

   a. Plaintiff's First Amended Complaint names seven individual defendants and LVMPD. *See* ECF No. 26.

   b. The FAC lists seven causes of action.

   c. Discovery in the case is now closed and dispositive motions are due on May 2, 2025. The LVMPD Defendants intend to file a Motion for Summary Judgment on all claims. The LVMPD Defendants cannot adequately address all of plaintiff's claims within the 30-page limit allowed by LR 7-3.

5. The primary hinderance to meeting the page limitation is the fact each individual defendant played a different role in the execution of the warrant. Therefore, each defendant's role must be analyzed against the legal standards for each cause of action. In addition, plaintiff has identified several specific actions taken by the defendants that she alleges violated the Constitution. Each of these allegations must be addressed.

6. Although the LVMPD Defendants have attempted to efficiently detail the relevant facts, the "Facts" section is 20-pages long. This because there are numerous relevant facts necessary to resolving plaintiff's claims. It is worth noting one of LVMPD's internal

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1 reports on the subject incident was 222 pages long. Thus, substantial efforts have been made 2 to reduce the facts section.

3       7.     The LVMPD Defendants' "Legal Standards" and "Legal Argument" section 4 applying the facts to plaintiff's seven (7) claims for relief is almost 40 pages long. This is 5 because each Defendant must brief each claim against them individually and, plaintiff has 6 separate claims against LVMPD.

7       8.     Therefore, the LVMPD Defendants' motion is 66-pages long, not including the 8 table of contents and table of authorities. The LVMPD Defendants recognize this is longer 9 than allowed by the local rule. However, the LVMPD Defendants believe, in good faith, this 10 case cannot be adequately briefed otherwise.

11      9.     Naturally, the LVMPD Defendants will not object to any requests by the 12 plaintiff to exceed the page limit in her opposition (or offensive summary judgment motion 13 should she file one).

14      10.    Pursuant to NRS §53.045, I declare under the penalty of perjury under the laws 15 of the State of Nevada that the foregoing is true and correct.

16      Dated this 1st day of May, 2025.

                                    *s/Craig R. Anderson*
                                    Craig R. Anderson, Esq.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.   ARGUMENT.**

This is a 42 U.S.C. § 1983 lawsuit with related Nevada state law claims. On January 10, 2022, LVMPD SWAT team served a high-risk search warrant on 3050 S. Nellis Boulevard, Apt. #1125. When the officers entered the apartment, Isaiah Williams ("Decedent") greeted them by firing eighteen rounds. Several of Decedent's rounds struck and severely wounded defendant officer Kerry Kubla ("Ofc. Kubla"). In response, four officers (including Ofc. Kubla) returned fire, striking, and killing Decedent.

Decedent's mother, Latia Alexander ("plaintiff"), is now suing LVMPD and several of the SWAT officers involved in the approval and execution of the search warrant. Plaintiff is alleging the officers unreasonably served the otherwise valid search warrant and used excessive force. The First Amendment Complaint ("FAC")[1] contains the following claims:

- 42 U.S.C. § 1983 Fourth Amendment excessive force (First Claim for Relief ("COA")).

- 42 U.S.C. § 1983 Fourth Amendment unlawful service of high-risk search warrant by failing to properly knock and announce (First COA).

- 42 U.S.C. § 1983 Fourteenth Amendment deprivation of familial association rights (Second COA).

- Violation of the Nevada Constitution Art. I Sec. 18 for unlawful service of a high-risk search warrant and excessive force (Third COA).

- *Monell*[2] claims against defendant LVMPD.

- Nevada state law wrongful death and survivorship claims alleging assault/battery, emotional distress, and negligence (Fourth, Fifth and Sixth Causes of Action).

This is not a typical excessive force case as the plaintiff does not dispute the Decedent fired at the officers. However, the plaintiff is arguing other constitutional violations caused

---

[1] ECF No. 26.

[2] *Monell v. Dept of Soc. Svcs.*, 436 U.S. 658 (1978).

during the service of the search warrant led to the shooting.[3] Thus, the LVMPD Defendants must analyze the facts of this complicated case on behalf of each individual defendant against each cause of action. And, defendants must address the separate *Monell* claims and state law claims against LVMPD.

It would be extremely difficult and require much superficiality to adequately brief all the facts and legal arguments in the thirty pages allowed by local rule. *See* LR 7-3. The LVMPD Defendants' Motion for Summary Judgment is 66 pages long, not including the table of contents and table of authorities. This Court has authority to relax or modify LR 7-3 and may permit a party to file a brief in excess of the page limit. *See* LR 7-3; *Veterinary Ventures, Inc. v. Farris*, 2010 WL 3070423, *2 (D. Nev. Aug. 3, 2010) (citation omitted). In such cases, the papers shall include a table of contents and table of authorities. *See* LR 7-4.

Based upon the above, the LVMPD Defendants request leave to file a motion for summary judgment that will exceed the page limit in order to fully and adequately address all issues raised in this litigation. For these reasons, the LVMPD Defendants request leave to file a motion for summary judgment that is 66 pages in length, exclusive of exhibits, table of authorities, and table of contents.

Dated this 1st day of May, 2025.

MARQUIS AURBACH

By: *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney for Defendants LVMPD, Kerry Kubla, Brice Clements, Alex Gonzales, Russell Backman, James Rothenburg, James Bertuccini and Melanie O'Daniel

---

[3] *See Mendez v. Cty. of Los Angeles*, 897 F.3d 1067 (9th Cir. 2018) (Even if an officer's shooting was reasonable under the Constitution, the officers can still be liable if a separate constitutional violation was the proximate cause of the plaintiff's injury).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' MOTION TO EXCEED THE PAGE LIMIT ON THEIR MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 1st day of May, 2025.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: N/A

*s/Sherri Mong*
An employee of Marquis Aurbach

MAC: 14687-428 (#5839809.2) 5/1/2025 11:00 AM