# Exhibit 20

# Exhibit 20



STATE OF NEVADA

**COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING**

**Performance Objective Reference Material**

- a drug sale occurred at the search location at night
- prompt execution might preclude murders
- the property sought will likely be gone, sold, or removed by dawn
- the stolen items are primarily perishable or easily disposable goods

As long as the search begins before 7:00 p.m., no nighttime authorization is necessary, even though the search may continue on well beyond that hour.

## Knock and Notice Requirements (PO E3)

Before entering a private dwelling to execute a search warrant, officers must comply with the requirements of knock and notice.

Knock and notice simply means that before entering a dwelling to serve a search warrant, officers must give notice to persons inside through certain actions.

To complete the prescribed procedures for knock and notice, peace officers must:

- knock or otherwise announce their presence
- identify themselves as peace officers
- state their purpose
- demand entry
- wait a reasonable amount of time
- if necessary, forcibly enter the premises

**Wait/refusal requirement**

When executing a search warrant, there is a specific requirement that before forcing entry, peace officers must be refused admittance.

Refusal may be based on:

- a verbal statement
- individual conduct
- the passage of a reasonable amount of time

NOTE: The amount of time that is considered reasonable will depend on all the circumstances. Approximately one minute would be a safe period in most cases, but it can be less, especially if peace officers know that someone is inside and awake.



STATE OF NEVADA
**COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING**
Performance Objective Reference Material

### Inner Doors

While officers must comply with knock and notice at outer doors to a residence, there is no legal requirement to comply with knock and notice at inner doors.

NOTE: While there may be no legal requirement to comply with knock and notice at inner doors, there may be tactical reasons why it is appropriate.

### Forcible entry

If the knock and notice requirements are met, including refusal, peace officers may legally break in or force entry into premises to execute a search warrant.

The purpose of the knock and notice requirements is to protect the privacy of occupants in their home and to minimize the possibility of a violent confrontation between peace officers and private individuals.

### Exceptions to the knock and notice requirements

The U.S. Supreme Court has determined that a magistrate "pre authorizing" the officers to forgo the knock and notice requirement is unreasonable. A magistrate may not endorse a "no knock" provision within the search warrant.

The law allows peace officers to enter private property unannounced if they can demonstrate that compliance with the knock and notice requirements would be futile, or that compliance could result in:

- harm to the officers or other individuals (e.g., hostages
- the destruction of evidence

Only the officers serving the warrant can determine if the circumstances they face justify non-compliance with the knock and notice requirements of law. The issuing magistrate does not have the authority in the warrant to exempt officers from giving knock and notice and the legality of an officer's decision to omit knock and notice would likely be reviewed by a court to determine if it met a lawful exception.

### Examples

Officers went to a motel room with a warrant to search the building for illegal drugs. After complying with initial knock and notice requirements and while waiting for a response from the occupants, officers heard muffled voices and the sound of a toilet flushing twice. Because the officers had reason to believe that suspects were attempting to destroy evidence, they could lawfully force entry.

Officers were sent to an apartment with a warrant to search for illegal weapons. The resident of the apartment had been arrested in the past by the same officers for armed